**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

---

UNITED RENTALS (NORTH
AMERICA), INC.,

        Plaintiff,

        v.

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

        Defendant.

:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 19-17169 (SRC)

**OPINION & ORDER**

---

**CHESLER, U.S.D.J.**

       This matter comes before the Court on the motion for reconsideration by Defendant

Liberty Mutual Fire Insurance Company ("Liberty") of this Court's Opinion of April 28, 2022,

which granted the motion for partial summary judgment by United Rentals (North America) Inc.

("United") and denied the cross-motion for partial summary judgment by Defendant Liberty.

For the reasons that follow, the motion will be denied.

       "A motion for reconsideration requires the movant to show (1) an intervening change in

the controlling law; (2) new evidence that was not available when the court issued its order, or

(3) the need to correct a clear error of law or prevent manifest injustice."   Gibson v. State Farm

Mut. Auto. Ins. Co., 994 F.3d 182, 190 (3d Cir. 2021); L. Civ. R. 7.1(i).

       As United points out in opposition, Liberty's brief in support of the motion for

reconsideration largely repeats arguments that this Court already considered and rejected.

Liberty's brief does not point out any change in law, new evidence, or clear error of law. "Motions for reconsideration are not to be used as an opportunity to relitigate the case." El v. Marino, 722 F. App'x 262, 268 (3d Cir. 2018).

As to the issue of the Policy Endorsement's requirement of a written agreement, Liberty repeats the arguments it already made and overlooks this Court's explanation in the Opinion of why it rejected them:

> Attorney argument in a brief does not constitute any of the materials listed in Rule 56(c)(1)(A). Liberty has cited no evidence to support the inference that the Schedules included in the August 1, 2017 National Account Agreement were also included in the August 1, 2009 National Account Agreement. Liberty's speculation does not raise any material factual dispute.

(Opinion of April 28, 2022 at 8.) Liberty's brief in support of its motion for reconsideration does not challenge this determination. Crucially, it does not cite any materials that, it contends, both satisfy the requirements of Rule 56(c)(1)(A) and are materials that this Court overlooked.

Next, Liberty reworks its original argument about the interpretation of the Policy phrase, "caused, in whole or in part, by," in three New Jersey unpublished opinions. In its original opposition brief, Liberty discussed the three cases, and then stated this conclusion: "Although the Schafer, Friedland and RLI's analysis are all slightly different, it is clear the finding of negligence on the part of the named insured is a prerequisite to coverage for the additional insured." (Def.'s MSJ Opp. Br. at 16.) In its brief in support for the motion for reconsideration, Liberty now argues that, in distinguishing the three cases, this Court overlooked that these cases require that the additional insured's *liability* be *proximately caused* by the insured's operation or use of the leased equipment: "in interpreting those cases, the Court appears to overlook that the *liability* of the additional insured still has to be *caused by* the named

2

insured's use or operation."   (Def.'s Br. at 19.)   To the extent that this is a new argument, "motions for reconsideration are not a vehicle to argue facts or issues that were not raised." Gibson, 994 F.3d at 191.   To the extent that this restates Liberty's original argument, Liberty has failed to point to a valid basis for this Court to reconsider its decision.

Next, Liberty argues that this Court erroneously issued a declaratory judgment imposing on Liberty a duty to indemnify United.   As United points out, neither the April 28 Opinion, nor the Order implementing the decision, do so.   This Court issued a declaratory judgment regarding Liberty's duty to defend United, not its duty to indemnify.

Lastly, Liberty requests that this Court certify the Order for an interlocutory appeal, pursuant to 28 U.S.C. § 1292(b).   Liberty has failed to persuade this Court that the Order "involves a controlling question of law as to which there is substantial ground for difference of opinion," as required by § 1292(b).   The application for certification pursuant to § 1292(b) will be denied.

Liberty has failed to show a basis for reconsideration of this Court's decision.   The motion for reconsideration will be denied.

For these reasons,

**IT IS** on this 16sth day of June, 2022,

**ORDERED** that Defendant's motion for reconsideration (Docket Entry No. 113) is **DENIED**.

                                                    s/ Stanley R. Chesler
                                         STANLEY R. CHESLER, U.S.D.J.