NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED RENTALS (NORTH AMERICA) INC., | : : : | **Civil Action No. 19-17169 (SRC)** |
| Plaintiff, | : : : | |
| v. | : : : : | **OPINION** |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | : : : | |
| Defendant. | : | |

**CHESLER**, District Judge

This matter comes before the Court on a motion filed by Plaintiff United Rentals (North America) Inc. ("United" or "Plaintiff") to enforce an order awarding attorneys' fees and hold Defendant Liberty Mutual Fire Insurance Company ("Liberty" or "Defendant") in contempt. Defendant opposes the motion. The Court, having considered the papers filed by the parties, proceeds to rule on the motions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will deny Plaintiff's motion.

**I.     Background**

This matter arises out of an insurance dispute between United and Liberty. In summary, United seeks coverage under an additional insured endorsement of a client's Liberty insurance policy. Liberty disputes coverage and its duty to defend. On April 28, 2022, the Court granted

United partial summary judgment holding Liberty has a duty to defend.  (ECF No. 111, 112).  United filed a motion for attorneys' fees, which the Court granted in part.[1]  (ECF No. 139, 140).

United now seeks to enforce the order granting attorneys' fees (the "Order").  (ECF No. 140).  United moves to compel Liberty to pay the attorneys' fees provided in the Order as well as costs and fees associated with this motion.  Furthermore, United asks the Court to hold Liberty in contempt, either now or at a later date if it does not comply by that date.  Liberty opposes the motion.

**II.    Discussion**

Generally, a party may only enforce a final judgment.  See Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980).  Federal Rule of Civil Procedure 54(a) defines a judgment as "a decree and any order from which an appeal lies."  Fed. R. Civ. P. 54(a).  This definition includes orders that resolve all outstanding issues within an action or certain categories of orders that allow for an interlocutory appeal.  Without any additional action from the Court, an order granting attorneys' fees before the resolution of all issues is not an appealable order.  In re Diet Drugs Prods. Liab. Litig., 401 F.3d 143, 156 (3d Cir. 2005).

Rule 54(b) provides a Court may direct entry of final judgment for discrete claims before the resolution of an action.  This may be done upon an express determination "that there is no just reason for delay" in entering judgment.  Fed. R. Civ. P. 54(b).  Nothing in the language of the Order suggests the Court intended to direct entry of final judgment for United's attorneys' fee claim.  Nor did the Court determine there was no just reason to delay entering judgment.

---

[1] United claimed costs and fees totaling $351,041.65, and the Court granted $304,560.95. (ECF No. 139, 140).

Therefore, the Order was not a final judgment, and it is not enforceable at this time. Accordingly, the Court will deny United's motion.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion to enforce the Order (ECF No. 140) is denied. Plaintiff's motion for fees and costs associated with this motion is denied. Plaintiff's motion to hold Defendant in contempt either now or later is denied. An appropriate order will be filed.

          s/ Stanley R. Chesler
          STANLEY R. CHESLER
          United States District Judge

Dated: February 3, 2023