**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED RENTALS (NORTH AMERICA), INC., | : : : | |
| Plaintiff, | : : : | Civil Action No. 19-17169 (SRC) |
| v. | : : : | **OPINION** |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | : : : | |
| Defendant. | : | |

**CHESLER, U.S.D.J.**

This matter comes before the Court on a motion and a cross-motion for partial summary judgment, pursuant to FED. R. CIV. P. 56: 1) the motion for partial summary judgment by Defendant Liberty Mutual Fire Insurance Company ("Liberty"); and 2) the cross-motion for partial summary judgment by United Rentals (North America) Inc. ("United"). For the reasons set forth below, Plaintiff's motion will be denied and Defendant's motion will be granted.

This case arises out of a dispute between United, a lessor of equipment, and Liberty, an insurer, as explained in this Court's previous Opinion deciding the parties' cross-motions for partial summary judgment. On April 28, 2022, this Court issued an Opinion and Order "that this Court declares as its **JUDGMENT** that United qualifies as an additional insured under the Policy, that Liberty is obliged to defend United in the New York Actions, and that Liberty must reimburse United for all costs of defense in the New York Actions." (Order of April 28, 2022 at

1

2.) Liberty moved for reconsideration of the decision or, in the alternative, certification of the decision for interlocutory appeal; this Court denied both requests. Liberty filed an appeal to the Third Circuit Court of Appeals. On February 20, 2024, the Third Circuit issued its mandate which dismissed that appeal for lack of appellate jurisdiction, finding that this Court's Opinion and Order filed April 28, 2022, did not constitute a final judgment. The Third Circuit concluded that the Order appealed from was a declaratory judgment order that was not injunctive.

Liberty has moved for partial summary judgment on all remaining issues in this case, identifying two in particular: 1) United's claim for breach of the covenant of good faith and fair dealing; and 2) Liberty has no contractual indemnity obligation to United because the Policy has been exhausted by the payment of settlements in the underlying cases. United has opposed the motion and cross-moved for partial summary judgment on the same issues. The parties both refer to the claim for breach of the covenant of good faith and fair dealing as the "bad faith" claim.

## LEGAL STANDARD

Summary judgment is appropriate under FED. R. CIV. P. 56(a) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all

justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001). "In reviewing the record, the court must give the nonmoving party the benefit of all reasonable inferences."

Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 330 (3d Cir. 1995).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 n.5 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

## DISCUSSION

### I. The "bad faith" claim

The parties agree that, in Pickett v Lloyd's, the New Jersey Supreme Court stated the legal standard for a bad faith claim as follows:

> To recapitulate, an insurance company may be liable to a policyholder for bad faith in the context of paying benefits under a policy. The scope of that duty is not to be equated with simple negligence. In the case of denial of benefits, bad faith is established by showing that no debatable reasons existed for denial of the benefits. In the case of processing delay, bad faith is established by showing that no valid reasons existed to delay processing the claim and the insurance company knew or recklessly disregarded the fact that no valid reasons supported the delay. In either case (denial or delay), liability may be imposed for consequential economic losses that are fairly within the contemplation of the insurance company.

Pickett v. Lloyd's (A Syndicate of Underwriting Members), 131 N.J. 457, 481 (1993).

The Court begins with Liberty's motion for partial summary judgment of bad faith. Because Plaintiff United bears the burden of proof of bad faith at trial, Liberty meets its initial summary judgment burden by pointing out to the Court "that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. Liberty has done so, and the summary judgment burden now shifts to United. United contends that Liberty denied it benefits

4

in bad faith, and therefore "bad faith is established by showing that no debatable reasons existed for denial of the benefits." Pickett, 131 N.J. at 481. To defeat Liberty's motion for partial summary judgment, then, United must "provide[] sufficient evidence to allow a jury to find in its favor at trial." Gleason, 243 F.3d 130, 138. That is to say, United must provide sufficient evidence that no debatable reasons existed for the denial of benefits.

The problem for United is that, in its brief in opposition to Liberty's motion, and in support of its cross-motion for summary judgment, United completely overlooks the need for it to prove that the evidence supports a finding in its favor under the "debatable reasons" standard. Although the brief correctly states the standard on page 25 and correctly cites Pickett in support, the brief contains no demonstration that Liberty lacked a reasonable basis for the denial of benefits. The brief does not even touch upon Liberty's stated reasons for its denial of the claim, much less offer evidence from which a jury could conclude that those reasons were meritless and not debatable. Nor does United's L. Civ. R. 56.1 Statement point to evidence in support of the inference that no debatable reasons supported Liberty's denial of benefits.

Instead, United appears to argue that that the prior summary judgment decision in this case addressed the issue of whether the denial of benefits had a reasonable basis. In United's brief in opposition to Liberty's present motion and in support of United's cross-motion, United cites this Court's determination that United qualified as an additional insured: "In so holding, the Court thoroughly disposed of the very justifications LMFIC reargues in the present Motion for Summary Judgment." (Pl.'s PSJ Opp. Br. at 15.) United has confused the determination that this Court *did* make – that United qualifies as an additional insured under the Policy – with a determination that this Court *did not* make – a ruling about the presence or absence of debatable

5

reasons for the denial of coverage. This Court's previous summary judgment decision did not address the issue of whether Liberty's reasons for denying benefits were, or were not, reasonably debatable. This Court did decide the previous motion and cross-motion for summary judgment in favor of United, and issued an Opinion which concluded that Liberty's proffered interpretation of the language of the Policy Endorsement lacked a *valid* basis. (Opinion of April 28, 2022 at 11.) The Court did not, however, have before it the question of whether Liberty's stated reasons for the denial of benefits had a *reasonably debatable* basis, and the Court made no decision on that issue.

In the Opinion of April 28, 2022, the Court discussed the parties' dispute over the meaning of the Policy Endorsement phrase, "caused, in whole or in part, by your maintenance, operation or use of equipment." (Id. at 9-11.) In short, Liberty argued that: 1) the word "caused" in that phrase means "proximately caused," and that, under the circumstances of this case, the word "your" referred to Conti; and 2) the injuries alleged were not proximately caused by Conti's maintenance, operation, or use of the equipment.[1] Liberty had cited three unpublished[2] cases in support of its position: Schafer v. Paragano Custom Bldg., Inc., 2010 WL 624108, at *2 (N.J. Super. Ct. App. Div. Feb. 24, 2010); Kostera v. Bacharach Inst. for Rehab., 2015 WL 4643642, at *16 (N.J. Super. Ct. App. Div. Aug. 6, 2015); and Port Auth. of New York & New Jersey v. RLI Ins. Co., 2021 WL 3177713, at *3 (N.J. Super. Ct. App. Div. July 28,

---

[1] Instead, Liberty argued, the injuries were caused by United's failure to properly maintain the boom lift, and not by any negligence on the part of Conti or its employees. Liberty argued that Conti never agreed to insure United for United's own negligence.

[2] The New Jersey Supreme Court has stated: "it is illogical to suggest that NJM, or any corporation, cannot rely on previous unpublished opinions . . . in forming their business decisions." Badiali v. N.J. Mfrs. Ins. Grp., 220 N.J. 544, 560 (2015).

6

2021). This Court concluded that the cited cases did not support Liberty's interpretation of the Policy Endorsement phrase at issue, but did not inquire into whether Liberty's interpretation argument was reasonably debatable, as that issue had not been raised.

This Court concluded that the cases cited by Liberty interpreted policy language in which the word "caused" was used in an entirely different context from the language of the Policy Endorsement in this case. The issue of whether or not the word, "caused," connotes proximate or "but for" causation is clearly context-driven. This is apparent from the discussion of causation in a very recent decision from the Third Circuit, United States v. Johnson, No. 22-1970, 2024 U.S. App. LEXIS 21113, at *8 (3d Cir. Aug. 21, 2024). In Johnson, the Third Circuit discussed the interpretation of "caused" in a criminal statute and performed an exhaustive analysis of the possible meanings, and stated, in short: "we must be attentive to statutory context."[3] Id. at *10. Johnson makes clear that the issue is a complex one and is not easily resolvable. Thus, while this Court was and remains convinced that Liberty's interpretation of "caused" was incorrect, this Court would be hard-pressed to conclude that the issue was not reasonably debatable.

Nor does it do so today, because United's cross-motion does not argue, based on supporting evidence, that "no debatable reasons existed for denial of the benefits." Pickett, 131 N.J. at 481. Given this, when United refers to Liberty's "willful disregard of a lack of a reasonable basis for denying coverage," but does not point to the evidence from which a

---

[3] Moreover, the Third Circuit cited and relied on the Supreme Court's decision in Husted: "When a statutory provision includes an undefined causation requirement, we look to context to decide whether the statute demands only but-for cause as opposed to proximate cause or sole cause." Husted v. A. Philip Randolph Inst., 584 U.S. 756, 769 (2018). Johnson, 2024 U.S. App. LEXIS 21113, at *10.

reasonable jury could infer this, the contention appears to be only conclusory. (Pl.'s MSJ Opp. Br. at 14.) United bears the burden of proof that Liberty had no fairly debatable basis to deny benefits, to support its bad faith claim, and the Court finds that United has offered no evidence from which a reasonable jury could conclude that Liberty lacked any fairly debatable reason to deny coverage. Liberty's motion for summary judgment of no bad faith will be granted, and United's cross-motion will be denied.

## II. Liberty's indemnity obligations

Liberty also has moved for summary judgment as to its obligation to indemnify United, arguing that the Policy has been exhausted by the payment of settlements in the underlying cases. United opposes this motion and cross-moves for summary judgment on the same issue. Again, on this issue, Plaintiff bears the burden of proof at trial. The parties do not dispute the factual foundation for this dispute: Liberty exhausted its coverage obligations under the Policy through its contributions to settlements on behalf of other parties, but not on behalf of United; United has settled the underlying cases for undisclosed amounts as well.

United argues that Liberty breached its duty to defend United and must suffer the consequences under New Jersey law:

> Where an insurer wrongfully refuses coverage and a defense to its insured, so that the insured is obliged to defend himself in an action later held to be covered by the policy, the insurer is liable for the amount of the judgment obtained against the insured or of the settlement made by him. The only qualifications to this rule are that the amount paid in settlement be reasonable, and that the payment be made in good faith.

N.J. Mfrs. Indem. Ins. Co. v. United States Cas. Co., 91 N.J. Super. 404, 407-08 (N.J. Super. Ct. App. Div. 1966) (citations omitted). As this quote states, the obligation depends on a condition precedent, the wrongful refusal of coverage. United argues that Liberty wrongfully refused

8

coverage when, after this Court had granted the previous motion for summary judgment and held that Liberty had a duty to defend United, Liberty did not proceed to comply. The Court is not persuaded. As the Third Circuit stated, this Court's prior summary judgment decision did not constitute a final judgment. It was not final nor did the Court's Order have any injunctive effect: it did not mandate any immediate action from Liberty. This Court has no ground to find that there was anything wrongful about Liberty's response to this Court's prior decision.

United has made no other argument that Liberty's denial of benefits was wrongful. As just established, United failed to persuade this Court that Liberty denied benefits in bad faith. Moreover, as Liberty argues, under New Jersey law, an insurer's liability in excess of policy limits is contingent on a demonstration of bad faith, which United has not made. As one New Jersey court explained:

> Our courts encourage the settlement of claims. They will not interfere with an insurer's settlement of the claim of one of several persons injured by a tortfeasor notwithstanding the fact that the settlement may deplete or exhaust the insurance proceeds available to others. Thus, in *Liguori v. Allstate Ins. Co.*, 76 N.J.Super. 204, 184 A.2d 12 (Ch.Div.1972), the court said:
>
>> [T]here is no right in such a claimant to interfere with distribution merely because such claimant diminishes the fund. Thus *pro rata* distribution in such circumstances is not required.

Goughan v. Rutgers Cas. Ins. Co., 238 N.J. Super. 644, 649 (N.J. Super. Ct. Law Div. 1989). See also Nat'l Sur. Corp. v. First Specialty Ins. Corp., 2016 N.J. Super. Unpub. LEXIS 2570, *30 (N.J. Super. Ct. Law Div. 2016) (holding that insurer "has discretion to exhaust its policy limit in good faith to settle the underlying claims against one of its insureds even if that settlement does not extinguish the claims against its other insureds, and [insurer's] duty to defend all of its insureds ends upon exhaustion of its limits of liability by way of judgment or settlement paid on

behalf of any insured"); Doitch v. Narendrakumar Khatri, 2015 N.J. Super. Unpub. LEXIS 2134, at *10 (N.J. Super. Ct. App. Div. Sep. 3, 2015) (insurer did not act in bad faith when policy exhausted after settling some claims and not others).   As these cases reflect, New Jersey law allows an insurer to settle claims against some insureds but not others.

Liberty's motion for summary judgment as to its obligation to indemnify United will be granted; United's motion for summary judgment on this issue will be denied.

In conclusion, this Court had set a date for trial on the remaining issues in this case.   The instant motion and cross-motion both sought to show that there was no need for a trial on the issue of bad faith, Liberty taking the position that the party with the burden of proof at trial had no evidence, United taking the position that the evidence was so one-sided that the issue could be decided as a matter of law.   The Court finds that United has failed to defeat Liberty's motion, and concludes that Liberty is correct: United has no evidence to support its bad faith claim and indeed, there is no need for a trial on bad faith.   Similarly, United has failed to defeat Liberty's motion for summary judgment as to its obligation to indemnify United.   Liberty's motion for summary judgment will be granted in its entirety, and United's cross-motion will be denied.

    s/ Stanley R. Chesler
    STANLEY R. CHESLER, U.S.D.J.

Dated:   August 23, 2024