**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED RENTALS (NORTH AMERICA), INC., | : : : : : | Civil Action No. 19-17169 (SRC) |
| Plaintiff, | : : : | OPINION |
| v. | : : : |  |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | : : : : |  |
| Defendant. | : : : : : |  |

**CHESLER**, District Judge

Before the Court is Plaintiff United Rentals (North America), Inc.'s ("Plaintiff" or "United") motion for a determination of damages, (D.E. No. 223). Having considered the parties' submissions, (D.E. No. 224 ("Pl. Mov. Br."); D.E. No. 236 ("Def. Opp. Br."); D.E. No. 243 ("Def. Supp. Opp. Br."); D.E. No. 246 ("Pl. Reply Br."); D.E. No. 250 ("Def. Second Supp. Opp. Br."); D.E. No. 251 ("Pl. Supp. Br.")), the Court decides this matter without oral argument. See Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's motion, (D.E. No. 223), is GRANTED-in-PART.

**I.     BACKGROUND**

The background and procedural history of this matter is set forth in detail in the Court's prior Opinions, (see, e.g., D.E. Nos. 111, 121, 139, 156, 219). This declaratory judgment arises

from underlying actions in which United was named as a third-party defendant (the "New York Actions"). United tendered its defense of these lawsuits to Defendant Liberty Mutual Fire Insurance Company ("Defendant" or "Liberty"), but Defendant returned a disclaimer of coverage to United, asserting that United was not covered under the additional insured endorsement. Plaintiff filed this declaratory judgment action in August 2019 seeking, amongst other relief, a declaration that it was an additional insured under its insurance policy with Defendant. On April 28, 2022, this Court granted United's motion for partial summary judgment on the issue of Liberty's duty to defend United and held that United "qualifies as an additional insured under the Policy, that Liberty is obliged to defend United in the New York Actions, and that Liberty must reimburse United for all costs of defense in the New York Actions." (D.E. No. 112.) The two New York actions were settled in February and March 2023. (Pl. Mov. Br. at 3.) On August 23, 2024, the Court granted Defendant's motion for partial summary judgment, thus resolving the remaining issues in this case. (D.E. No. 220.) On September 6, 2024, Plaintiff filed a motion for determination of damages. (D.E. No. 223.) In total, Plaintiff alleges it has expended $746,311.23 in defense costs in the underlying New York Actions. (Pl. Mov. Br. at 3.) Plaintiff seeks an order awarding damages and/or entering judgment against Defendant under Count I for breach of duty to defend and awarding the $746,311.23 in defense costs as damages. In the alternative, Plaintiff requests that the Court amend the August 23, 2024 judgment to include the defense costs. Plaintiff further seeks post-judgment interest pursuant to N.J. Ct. R. 4:42-11(a) and/or 28 U.S.C. § 1961.

In Defendant's initial opposition brief, Liberty first stated that "[u]pon review of the invoices provided by Plaintiff, it appears clear that at least $171,350.00 should be excluded from the amount by Plaintiff for defense costs as not reasonably related to covered claims, as those charges relate to work performed in relation to insurance coverage issues and not in furtherance of

2

the defense of the liability claims in the underlying actions." (Def. Opp. Br. at 1.) Shortly thereafter, in an effort to the narrow the issues before the Court, the parties conferred, and Plaintiff agreed to produce the disputed invoices with fewer redactions. (Def. Supp. Opp. Br. at 1.) Upon review of the newly produced invoices, Defendant now argues that the Court should "reduce Plaintiff's fee demand by a minimum total of $68,341.00 as unreasonable and unnecessary." (Id.) In short, Defendant argues that a total of $68,341.00 is not recoverable because "1) they do not relate to either the defense of the underlying actions; and/or 2) the work entries related to these costs are so heavily redacted that its impossible to determine what work was performed and for what reason." (Id. at 2.)

## II.     DISCUSSION[1]

As an initial matter, Defendant argues that the amount of damages Plaintiff seeks, $746,311.23, should be reduced by $68,341.00. (Def. Supp. Opp. Br. at 1.) Thus, Defendant does not contest that the $677,970.23 amount in damages Plaintiff seeks is reasonable and warranted. Having reviewed the submissions offered by Plaintiff, the Court therefore grants $677,970.23 in damages to Plaintiff as costs of defense in the New York Actions pursuant to the Court's prior order.

Next, Defendant argues that 17 entries between August 23, 2019, and May 26, 2023, are not recoverable by Plaintiff because these entries "are so heavily redacted that one cannot identify

---

[1] Plaintiff moves for judgment in its favor and an award of damages of the defense costs under Count I (breach of contract) pursuant to Federal Rule 58(d) or in the alternative, to amend the Court's August 23, 2024 judgment to include the defense costs pursuant to Federal Rule 59(e). (Pl. Mov. Br. at 3.) Defendant does not contest that pursuant to the Court's order that "Liberty must reimburse United for all costs of defense in the New York Actions" (D.E. No. 112), Plaintiff is entitled to defense costs and instead, objects only to specific attorney fee entries. As Defendant has not contested that Plaintiff is entitled to fees incurred with the defense of the underlying New York Actions, the Court need not determine what basis determines payment in the instant matter and the Court will award damages in line with the Court's previous Opinion and Order from April 28, 2022. (See D.E. Nos. 111, 112.)

3

the nature and purpose of the charges." (Def. Supp. Opp. Br. at 3.) Specifically, Defendant states that "it is impossible to determine if these charges are for defense costs incurred in relation to the underlying actions or for other legal work undertaken by counsel." (Id.) Defendant further argues that even if the entries were related to the underlying actions, "it is impossible to determine if the work was reasonable or necessary to the defense" and the Court should deny recovery of the 17 entries, which amounts to $5,152.50 (Id.)

Plaintiff argues that the Court should allow reimbursement of the 17 disputed entries because "Liberty failed to timely raise the issue before trial and failed to meaningfully confer with United to resolve its objections" before filing its supplemental opposition brief. (Pl. Reply Br. at 2.) Plaintiff further states that "Liberty did not challenge hundreds or arguably broader redactions and the current, narrower redactions sufficiently detail the nature of the work performed." (Id.) The Court finds Plaintiff's arguments unpersuasive.

Contrary to Plaintiff's position, the Court finds that Defendant meaningfully met and conferred with Plaintiff regarding the disputed invoices. This is evident from Defendant's choice to object to specific redactions and reduce the amount of disputed damages from $171,350 to $68,341. (See Def. Opp. Br. at 2; Def. Supp. Opp. Br. at 2.) Although Defendant did not point out these 17 entries in its initial opposition papers, the Court finds that consideration of this argument is proper in light of the parties' effort to narrow the issues before the Court by producing the invoices at issue with fewer redactions.

Furthermore, this Court has carefully reviewed the 17 disputed fee entries, as highlighted in orange, and finds that Liberty is correct. These 17 entries are so heavily redacted that it cannot be determined what the nature or purpose of the fee entries were. (D.E. No. 248, Ex. A to the Declaration of Kerianne K. Luckett ("Ex. A").) Indeed, the 17 entries at issue do not sufficiently

4

identify the nature of the entries or the work performed. For example, an entry from February 25, 2020 is described as "[c]onsideration of [REDACTED] for [REDACTED] report to client [REDACTED]." (Ex. A at 38.) Another entry from December 2, 2020 is described as "[m]ultiple communications with parties re [REDACTED]." (Id. at 96.) These entries provide no information for the Court to ascertain what work was performed in this case and whether it related to the underlying New York Actions. Therefore, the Court finds that Liberty's objections are correct, and the Court is satisfied that United's application for payment of these 17 fee entries is not adequately supported. Thus, the damages United seeks will be reduced accordingly by $5,152.50 to account for these 17 entries. See Gelis v. BMW of N. Am., LLC, 49 F.4th 371, 379 (3d Cir. 2022) (noting "the fee application must be specific enough to allow the district court to determine if the hours claimed are unreasonable for the work performed"); Rendine v. Pantzer, 661 A.2d 1202, 1226 (N.J. 1995) (noting that a court may deduct hours that are not properly documented).

Next, Defendant argues that 346 entries, highlighted yellow in Exhibit A, incurred between August 23, 2019, and May 26, 2023, should not be recoverable as these entries are "unrelated to the prosecution" of the underlying actions and instead were related to the instant "declaratory judgment action instituted separately by Plaintiff." (Def. Supp. Opp. Br. at 4; Ex. A.) Defendant argues that these entries by defense counsel in the underlying New York Actions "include, but are not limited to, conversations with coverage counsel relating to the declaratory judgment action and review of work being performed specifically related to the declaratory judgment action, not the defense of covered claims in the underlying actions." (Id.) Defendant thus argues that these 346 entries, amounting to $63,188.50, "should be rejected by the Court from the total of defense costs sought by Plaintiff as reimbursement in its instant motion as not reasonably related to the defense of covered claims." (Id.)

5

Plaintiff argues that these entries are recoverable because the entries "constitute an element of United's damages." (Pl. Reply Br. at 5.) Plaintiff states that following the Court's April 28, 2022 Opinion which held that "Liberty must reimburse United Rentals for all costs of defense in the New York Actions" (see D.E. Nos 111, 112), Liberty "had the opportunity to defend its insured and mitigate any further damages from its intentional breach of the insurance contract" and refused, and the disputed entries at issue are consequential damages from Defendant's breach. (Pl. Reply Br. at 6-7.) In the alternative, Plaintiff seeks these costs as attorney's fees under Federal Rule 54(d). (Pl. Mov. Br. at 5.)

Following the Court's December 2024 order, the parties submitted supplemental briefing on the issue of whether a successful party in a declaratory judgment action is entitled to reimbursement for costs of litigating the declaratory judgment action under New Jersey Court Rule 4:42-9(a)(6). (D.E. No. 249.) In Defendant's supplemental submission, Liberty maintains that an award of costs for litigating the declaratory judgment action in the instant matter is not necessary because Defendant "properly assessed its coverage obligations by conducting a good-faith evaluation" of Liberty's policy language and the allegations in the underlying action and Defendant had a reasonable basis for rejecting United's additional insured tender. (Def. Second Supp. Opp. Br. at 2-3.) Plaintiff argues that the requested fees in the amount of $63,118.50 are warranted under the language of the rule and an award of these fees is proper "whether the disputed fees are deemed to be coverage-related or defense related" given this Court's prior determination that United is entitled to defense costs associated with the New York Actions, (see D.E. No. 112), and the Court's previous award of attorney's fees from October 2022, (D.E. No. 140).

Here, the Court finds that an award of the attorney's fees relating to the instant declaratory judgment action is proper. To the extent Defendant argues that some of the expenses incurred are

6

attributable to pursuing the instant declaratory judgment action, the Court notes that New Jersey Court Rule 4:42-9(a)(6) specifically permits a party to recover attorney fees "[i]n an action upon a liability or indemnity policy of insurance, in favor of a successful claimant." "These fees are 'not mandatory in every action on an indemnity or liability policy' but are instead subject to the trial judge's 'broad discretion as to when, where and under what circumstances counsel fees may be proper.'" Burlington Ins. v. Northland Ins., 766 F. Supp. 2d 515, 532 (D.N.J. 2011) (quoting Enright v. Lubow, 215 N.J. Super. 306, 313 (App. Div. 1987)). A "successful claimant" is a party that "succeeds on any significant issue in litigation which achieves some benefit the parties sought in bringing suit." Excelsior Ins. v. Selective Ins. of Am., 696 F. Supp. 3d 15, 36 (D.N.J. 2023) (citing Occhifinto v. Olivo Constr. Co., LLC, 114 A.3d 333, 337 (N.J. 2015)). Under Rule 4:42–9(a)(6) "a party to a declaratory judgment action qualifies as a successful claimant when the insurance carrier's duty to defend is proven, even if there is no duty to indemnify." Occhifinto, 114 A.3d at 339 (citing Schmidt v. Smith, 684 A.2d 66, 76 (N.J. Super. Ct. App. Div. 1996), aff'd, 713 A.2d 1014 (1998)).

The New Jersey Supreme Court has held that the purpose of the rule is "to discourage groundless disclaimers and to provide more equitably to an insured the benefits of the insurance contract without the necessity of obtaining a judicial determination that the insured, in fact, is entitled to such protection." Sears Mrtg. Corp. v. Rose, 134 N.J. 326, 356 (1993). In assessing whether or not to award such fees, a court considers: (1) the insurer's good faith, or lack thereof; (2) excessiveness of the plaintiff's demands; (3) bona fides of one or both of the parties; (4) the insurer's justification in litigating the issue; (5) the insured's conduct in contributing to the necessity of litigation; (6) the general conduct of the parties; and (7) the totality of the circumstances. Enright v. Lubow, 521 A.2d 1300, 1304 (N.J. Super. Ct. App. Div. 1987).

7

Here, the Court is satisfied that to the extent the fee entries at issue were related to the declaratory judgment action, Plaintiff is entitled to be reimbursed for those fees. See Burlington, 766 F. Supp. 2d at 532 (holding that insured plaintiff was entitled to attorney fees for defending claims for which it was entitled to coverage and fees associated with pursuing a declaratory judgment action on its claims for defense and indemnification from an insurer directly). See also Mega Constr. Corp. v. Quincy Mut. Fire Ins., 42 F. Supp. 3d 645 (E.D. Pa. 2012) (applying New Jersey law); Liberty Mut. Fire Ins. v. Nat'l Cont'l Ins., 2017 WL 5951616, at *5 (D.N.J. Nov. 30, 2017).

Indeed, this Court has previously found that United is a successful claimant under Rule 4:42-9(a)(6) and awarded attorney's fees associated with the instant declaratory judgment action. (See D.E. Nos. 139, 140.) As noted by Plaintiff, for defense counsel in the underlying New York Actions, "certain communications with coverage counsel were necessary for coverage counsel to fully understand the allegations made in the New York Actions that triggered Liberty's defense obligations" and the communications were necessary "for coverage counsel to acquire to actual and anticipated defense costs incurred in the New York Actions, in order to legitimately and accurately pursue Liberty for the defense cost reimbursement to which United is entitled." (Pl. Reply Br. at 7.) Therefore, the Court similarly finds that reimbursement of costs incurred by underlying defense counsel in the New York Actions as it relates to communications with coverage counsel in the instant declaratory judgment action is proper for the same reasons set forth in the Court's prior opinion.[2]

---

[2] While the Court finds that Liberty's conduct does not rise to the level of egregious conduct described in Burlington or Mega, and despite the mere fact that this Court previously found that Liberty's conduct did not rise to the level of bad faith under Pickett v. Lloyd's, 621 A.2d 445 (N.J. 1993) because the issue was fairly debatable, it is nevertheless clear to the Court that such fees in the instant matter are indeed warranted for the reasons set forth in the Court's prior Opinion granting United's motion for attorney fees (D.E. No. 139). Furthermore, following the Court's

In turning to the calculation of attorney's fees, Liberty does not contest any of the claimed hourly rates of United's attorney. United's first defense firm billed United at hourly rates between $220-$325 per hour and United's second defense firm billed United at hourly rates on average between $215.63 and $225. (Pl. Mov. Br. at 8-9.) United has provided copies of bills and attorney timesheets detailing the nature of the services rendered, the dates of performance, and the amount of time and rate for each attorney or support staff who performed the services. (Id.; Ex. A.) Defendant does not contest the hourly rates billed and the Court, having reviewed United's evidence of reasonable rates for attorneys in this district, finds the evidence persuasive of the reasonableness of the claimed rates. The Court has further reviewed the individual submissions contested and find the rate of time expended for each service to be reasonable. Therefore, the Court will award Plaintiff reimbursement of the 346 disputed entries, amounting to $63,188.50.

Next, the parties dispute whether post-judgment interest in the instant matter is proper. Defendant contends that Plaintiff's request for an award of post-judgment interest pursuant to 18 U.S.C. 1961 is premature because the Court "has neither expressly entered judgment under Count I, nor has it awarded United damages regarding the issue of the contractual duty to defend." (Def. Supp. Opp. Br. at 5.) Plaintiff contends that Defendant "appears to fundamentally misunderstand that United prospectively requests such relief – United does not retroactively seek post-judgment interest." (Pl. Reply Br. at 8.) For post-judgment interest under 28 U.S.C. § 1961(a), "[i]nterest

---

prior determination that Liberty was obliged to defend United in the New York Actions and reimburse United for costs associated with defense of the New York Actions, (D.E. No. 112), Defendant chose not to assume defense and filed a premature notice of appeal which was dismissed for lack of appellate jurisdiction and has continued to litigate this issue, including seeking reconsideration of the Court's decision which has been denied. This continued litigation has led to United's defense counsel in the underlying New York Actions to reasonably incur costs to communicate with coverage counsel in the instant declaratory action.

shall be allowed on any money judgment in a civil case recovered in a district court." It is calculated beginning on the day when a "money judgment" is entered. 28 U.S.C. § 1961(a). In the instant matter, the Court granted partial summary judgment on the issue of the duty to defend and ordered that judgment "on the issue of Liberty's duty to defend United in the New York Actions is hereby entered in Plaintiff's favor" and ordered that "Liberty must reimburse United for all costs of defense in the New York Actions." (D.E. No. 112.) At the time, no monetary judgment was entered as the amount of defense costs had not been determined. As the Court has now determined the amount of damages to be awarded, the Court finds that Plaintiff is entitled to post-judgment interest, calculated pursuant to 28 U.S.C. § 1961, which will accrue starting upon the entry of the judgment filed in accordance with this Opinion.

### III.   CONCLUSION[3]

For the reasons set forth above, **IT IS** on this 17th day of January, 2025 **ORDERED** that Plaintiff's motion for a determination of damages (Docket Entry No. 223) is **GRANTED-in-PART.**

                                                                                  s/Stanley R. Chesler  
                                                              STANLEY R. CHESLER, U.S.D.J.

Dated: January 17, 2025

---

[3] The Court denies Defendant's request to stay enforcement of the judgment in this case. An appeal does not deprive the Court of jurisdiction to hear a motion for attorney's fees nor the instant determination of damages and Defendant has not proffered sufficient justification as to the basis for the Court to order a stay. Of course, should Defendant post a supersedeas bond as required under Federal Rule of Civil Procedure 62, then Defendant will indeed be entitled to a stay pending determination of any appeal of this judgment.